UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

ARMANI MARTINEZ, individually, and on behalf of all others similarly situated

    Plaintiff,

v.

CREDIT COLLECTION SERVICES, INC.,

    Defendant.

Civil Action No.: 1:20-cv-05632

Honorable John Z. Lee

---

### DEFENDANT CREDIT COLLECTION SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"), incorrectly named herein as Credit Collection Services, Inc., by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, hereby answers the Class Action Complaint [ECF No. 1] of the Plaintiff, Armani Martinez ("Plaintiff"). In support thereof, CCS states as follows:

### ANSWER TO NATURE OF ACTION

1. Admitted in part and denied in part. CCS admits that Plaintiff is attempting to assert a claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"). To the extent Plaintiff suggests that CCS violated the FDCPA, such allegation is denied.

### ANSWER TO JURISDICTION AND VENUE

2. Admitted. CCS admits that this Court has subject matter jurisdiction over Plaintiff's matter as his claims arise under the FDCPA, a federal statute.

3. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

## ANSWER TO PARTIES

4. Admitted in part and denied in part. CCS admits that on information and belief the Plaintiff is a natural person. CCS lacks knowledge or information sufficient to form a belief as to the age and residency of plaintiff at all times relevant to this litigation. As such, these allegations are denied.

5. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

6. Admitted.

7. Denied. Further stating, Defendant has never had any office or other presence at the address listed in this paragraph.

8. Admitted in part and denied in part. CCS admits that at times it engages in the practice of collecting debts owed to others. CCS objects to the use of the term "principal purpose" as it is vague and ambiguous. CCS further denies the remaining allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the court.

## ANSWER TO FACTUAL ALLEGATIONS

9. Admitted. CCS admits that Plaintiff obtained medical treatment from Edward Hospital for which he still owes a $79.40 balance.

10. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

11. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

12. Admitted.

13. Admitted in part and denied in part. CCS admits that it sent Plaintiff a letter dated August 26, 2020. CCS denies Plaintiff's attempt to characterize the letter, as it is a writing that speaks for itself. To the extent that Plaintiff attempts to mischaracterize the letter, CCS denies the same.

14. Denied. CCS denies Plaintiff's allegations, as the letter is a writing that speaks for itself. Further, CCS denies Plaintiff's attempt to mischaracterize the same.

15. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

16. Denied. CCS denies all allegations in this paragraph as they concern the letter, a writing that speaks for itself. CCS additionally denies any attempt by Plaintiff to mischaracterize the same. To the extent that this paragraph suggests CCS violated the FDCPA by not using the phrase "current creditor", CCS denies such allegation as there is no requirement in the FDCPA necessitating the use of that specific phrase in initial communications to debtors. CCS further denies all allegations in this paragraph that call for conclusions of law. CCS refers all questions of law to the Court.

17. Denied. CCS denies the allegations in this paragraph as they concern the letter, a writing that speaks for itself. CCS additionally denies any attempt by Plaintiff to mischaracterize same. To the extent that this paragraph suggests CCS violated the FDCPA by use of the phrase "current creditor", CCS denies such allegation as there is no requirement in the FDCPA necessitating the use of that specific phrase in initial communications to debtors. CCS further denies all allegations in this paragraph that call for conclusions of law. CCS refers all questions of law to the Court.

18. Denied. CCS lacks knowledge and information sufficient to form a belief regarding Plaintiff's mindset upon reading the August 26, 2020 letter. Further responding, attached hereto as Exhibit A is a letter sent by the creditor, Edward Hospital, to Plaintiff shortly before the CCS letter at issue. This letter made clear to Plaintiff that Edward Hospital may refer his valid, due, and owing account to an outside collection agency. Therefore, Plaintiff would not have been confused about the identity of the creditor in CCS' August 26, 2020 letter.

19. Denied. CCS denies Plaintiff's attempt to characterize CCS' August 26, 2020 letter, attached hereto as Exhibit B, as it is a writing that speaks for itself. Further, CCS objects to Plaintiff's use of term "confusing" as CCS clearly and conspicuously set forth the following at the top of Plaintiff's August 26, 2020 letter, "**CREDITOR: EDWARD HOSPITAL**". Further responding, the payment remittance portion of the letter clearly identified that payments were being sent directly to the creditor, Edward Hospital.

20. Denied. CCS denies Plaintiff's attempt to characterize the August 26, 2020 letter as it is a writing that speaks for itself.

21. Denied. CCS denies Plaintiff's attempt to characterize the August 26, 2020 letter as it is a writing that speaks for itself. CCS denies that Plaintiff suffered any confusion regarding the identity of the creditor as the letter, just below Plaintiff's name and address, CCS wrote the following, "**CREDITOR: EDWARD HOSPITAL.**" Further responding, the payment remittance portion of the letter clearly identified that payments were being sent directly to the creditor, Edward Hospital. CCS leaves Plaintiff to his burden of proof.

22. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

## ANSWER TO CLASS ALLEGATIONS

23. No response is required to paragraph 23 as Plaintiff merely incorporates his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to paragraphs 1 through 22 as though fully set forth herein at length.

24. Admitted in part and denied in part. CCS admits that Plaintiff attempts to bring this action individually and on behalf members of a putative class. CCS denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim. CCS further denies that class treatment is appropriate and denies any violation of the FDCPA in its collection efforts toward Plaintiff or members of the putative class.

25. Admitted in part and denied in part. CCS admits that Plaintiff attempts to define a class. CCS denies that Plaintiff's definition presents a viable claim as her class definition is "fail safe." As such, CCS denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim.

26. Admitted in part and denied in part. CCS admits that Plaintiff is excluding certain individuals from the putative class.

### A. Numerosity

27. Denied. CCS lacks knowledge or information sufficient to form a belief as to the veracity of Plaintiff's allegations in this paragraph, and denies the same.

28. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court. By way of further answer, Plaintiff has not set forth a sufficient factual basis to determine that "it is clear that joinder is impracticable". CCS demands strict proof of such a sweeping and conclusory allegation, and leaves Plaintiff to her proofs.

29. Denied. CCS denies the allegations in this paragraph and leaves Plaintiff to her proofs.

### B. Commonality and Predominance:

30. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court. By way of further answer, Plaintiff has not set forth a sufficient factual basis to assert that there exist "many questions of law and fact common" between Plaintiff's individual claims and the putative class claims. CCS demands strict proof of such conclusory allegations, and leaves Plaintiff to her proofs.

### C. Typicality:

31. Denied. CCS denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim. CCS further denies that class treatment is appropriate and denies any violation of the FDCPA. CCS further denies these allegations as they call for conclusions of law. CCS refers all questions of law to the Court.

32. Denied. CCS denies the allegations in this paragraph. CCS further denies that it engaged in any conduct violative of the FDCPA toward Plaintiff or members of her putative class. As such, Plaintiff and all members of the putative class are ineligible to receive damages.

### D. Superiority and Manageability:

33. Denied. CCS denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim. CCS also denies that class treatment is appropriate and denies any violation of the FDCPA. By way of further answer, CCS objects to the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

34. Denied. CCS denies engaging in any conduct toward Plaintiff or the members of the putative class that violated the FDCPA, and, therefore, denies that there are any eligibility for

6

damages. CCS additionally denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

35. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

36. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

### E. Adequate Representation:

37. Denied. CCS lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph, and denies the allegations accordingly. Further responding, CCS denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim. Therefore, Plaintiff is not be an adequate class representative as she has failed to set forth any viable individual or class claims.

38. Denied. CCS denies the allegations in this paragraph and leaves Plaintiff to her proofs.

39. Denied. CCS denies the allegations in this paragraph and leaves plaintiff to her proofs.

## ANSWER TO CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et. seq.*)
### (On behalf of Plaintiff and the Members of Putative Class)

40. No response is required to paragraph 40 as Plaintiff merely incorporates his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to paragraphs 1 through 39 as though fully set forth herein at length.

**Violation(s) of 15 U.S.C. §1692g**

41. Admitted in part and denied in part. CCS admits that Plaintiff cites a portion of the FDCPA in this paragraph. CCS denies Plaintiff's attempt to characterize the same as the statute is a writing that speaks for itself.

42. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court. Further, CCS denies Plaintiff's mischaracterization of Section 1692g(a)(2) of the FDCPA as it merely requires a debt collector to specify the "name of the creditor to whom the debt is owed." Section 1692g(a)(2). CCS clearly set forth the name of the creditor at the top of Plaintiff's August 26, 2020, thereby precisely complying with the FDCPA.

43. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court. To the extent that Plaintiff implies CCS violated Section 1692g, such allegations are denied as the statutorily mandated d disclosures were included in the August 26, 2020 letter.

44. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court. Further, CCS denies Plaintiff's mischaracterization of Section 1692g(a)(2) of the FDCPA as it merely requires a debt collector to specify the "name of the creditor to whom the debt is owed." Section 1692g(a)(2). CCS clearly set forth the name of the creditor at the top of Plaintiff's August 26, 2020, thereby precisely complying with the FDCPA.

45. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court

46. Denied. CCS lacks sufficient knowledge or information to form a belief as to the mindset of Plaintiff upon receiving the August 26, 2020 letter, and denies such allegations accordingly.

47. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and denies the same. Further, CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

CCS denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, CCS denies that Plaintiff's prayer for relief is appropriate in the absence of setting forth any viable individual or putative class claims.

## ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part. CCS admits that Plaintiff seeks a jury trial regarding the claims advanced against the Defendant in her Class Action Complaint. CCS denies that Plaintiff is entitled to a trial by jury, or any trial, in the absence of presenting any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief may be granted. CCS did not violate the FDCPA in the course of its collection efforts to recover on a valid and delinquent debt obligation owed by Plaintiff to Edward Hospital. Therefore, Plaintiff's claims against CCS under the FDCPA should be dismissed or withdrawn.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to show any violation of the FDCPA, and, therefore, is not entitled to attorney's fees or costs.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

The conduct of CCS at all times complied with the FDCPA, and all applicable statutes, regulations and laws. Accordingly, the Complaint and each purported cause of action alleged therein against CCS is barred.

**FIFTH AFFIRMATIVE DEFENSE**

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. Plaintiff has not pleaded any facts demonstrating that the alleged debt at issue is a consumer debt.

**SIXTH AFFIRMATIVE DEFENSE**

For a statement to be deemed violative of any subsection of the FDCPA, the statement must be both misleading and material. *See Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. Md. 2014); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012). None of the statements in CCS' August 26, 2020 letter to Plaintiff were either misleading or material.

**SEVENTH AFFIRMATIVE DEFENSE**

Any purported damages claimed by Plaintiff, which CCS denies, were due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against CCS.

**EIGHTH AFFIRMATIVE DEFENSE**

If CCS violated the FDCPA which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation.

**NINTH AFFIRMATIVE DEFENSE**

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, which CCS denies, Plaintiff's entitlement to statutory damages is capped at $1,000 per action.

**TENTH AFFIRMATIVE DEFENSE**

Section 1692g(a)(2) does not require debt collectors to use the phrase "current creditor" in its initial communications with debtors. As such, CCS' reference to Edward Hospital as "**CREDITOR**" at the top of its August 26, 2020 letter to Plaintiff comported with all statutory requirements. *See Lindley v. TRS Recovery Associates*, No. 2:12-cv-109, 2012 U.S. Dist. LEXIS 175935 (S.D. Tex. Dec. 12, 2012).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's reliance on *Steffek v. Client Services, Inc.,* 948 F.3d 761 (7th Cir. 2020), is misguided as the facts in the instant case are wholly dissimilar and distinguishable. In *Steffek*, the initial collection letters sent to Plaintiffs bore the following heading, "RE: CHASE BANK USA, N.A." The letters at issue did not contain any identifying terms, such as "creditor" or "customer." *Id.* In Plaintiff's case, the following phrasing was placed at the top center of CCS' initial communication to Plaintiff, "**CREDITOR: EDWARD HOSPITAL**". Here, unlike *Steffek*, CCS identified Plaintiff's creditor using clear and unambiguous language, and, therefore, did not violate Section 1692g(a)(2). Further responding, the payment remittance portion of the letter clearly identified that payments were being sent directly to the creditor, Edward Hospital.

11

## **TWELFTH AFFIRMATIVE DEFENSE**

CCS reserves the right to raise any other affirmative defenses not previously asserted in this Answer as they may arise through further investigation and discovery.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Class treatment is grossly inferior to individual treatment in this case. As Plaintiff set forth a fail-safe class, class membership that could not be ascertained without a particularized and individual investigation into each putative member of the class. Such individualized inquiries would undermine the only primary purpose of a class action – efficiency in both time and money. Therefore, class treatment should be denied and the class allegations should be dismissed or withdrawn.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Common questions of law or fact do not exist and do not outweigh the individual issues, thereby precluding class treatment in this matter. This is particularly apparent where each member of the fail-safe class would require individual investigation to determine membership.

**WHEREFORE**, Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, ("CCS") prays that this answer be deemed good and sufficient and that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other relief as may the Court may deem just and equitable.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

By: _s/ Chirag H. Patel_
 Stephanie F. Jones (#6313160)
 Chriag H. Patel (#6306711)
 One North Franklin, Suite 800
 Chicago, Illinois 60606
 Telephone: (312) 565-1400
 Fax: (312) 565-6511
 Email: sfjones@grsm.com
 Email: cpatel@grsm.com
 *Attorneys for Defendants,*
 *Credit Control Services, Inc.*
 *d/b/a Credit Collection Services*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on December 7, 2020, a true and complete copy of the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules, and/or the District's Rules on Electronic Service, upon the following parties and participants:

>Mohammed O. Badwan, Esq.
>Sulaiman Law Group, Ltd.
>2500 South Highland Avenue
>Suite 200
>Lombard, Illinois 60148
>Tel: (630) 575-8180
>Email: mbadwan@sulaimanlaw.com
>*Attorney for Plaintiff*

>By: *s/ Chirag H. Patel*
>Stephanie F. Jones (#6313160)
>Chriag H. Patel (#6306711)
>One North Franklin, Suite 800
>Chicago, Illinois 60606
>Telephone: (312) 565-1400
>Fax: (312) 565-6511
>Email: sfjones@grsm.com
>Email: cpatel@grsm.com
>*Attorneys for Defendants,*
>*Credit Control Services, Inc.*
>*d/b/a Credit Collection Services*